# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEAN T. CHO,** | Civ. No. 13-3267 (WJM) |
| Appellant/Adv. Pro Se Plaintiff, | |
| v. | **OPINION** |
| **HAN-HSIEN TUAN,** | |
| Respondent/ Adv. Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This is an unopposed appeal from a Bankruptcy Court's order. The Bankruptcy Court issued this order during Defendant/Appellee Tuan's Chapter 13 proceedings. The Bankruptcy Court granted Plaintiff/Appellant Cho's motion for summary judgment declaring that a state court judgment against Tuan was nondischargeable. The Bankruptcy Court awarded Cho "$125,536.43 plus 9% interest" from the date of the state court judgment through the date of Tuan's Chapter 13 petition. (Exhibit 3) Cho now seeks an amended order awarding post-petition interest on the state court judgment. For the reasons set forth below, the motion for post-petition interest is hereby **GRANTED**.

## I. BACKGROUND

Appellant Cho and Respondent Tuan were 50-50% equity partners in the now defunct law firm of Tuan & Cho LLP ("T&C"). (Appellant's Brief ("Ap. Br.") at 2) Tuan was the managing partner. (*Id.*) Tuan took more money out of T&C than he was entitled to without Cho's knowledge or consent and to Cho's detriment. (*Id.*) Pursuant to the parties' partnership agreement, Cho commenced an AAA arbitration against Tuan. (*Id.*) The arbitrator issued an award of $100,000.00 plus costs of $11,477.50 against Tuan. (*Id.*)

Tuan failed to honor the arbitration award. (Ap. Br. at 6) Accordingly, Cho sought confirmation by the Supreme Court of New York County. (*Id.*) The Supreme

Court confirmed the arbitration award in all respects and granted Cho judgment in the amount of $125,536.43 plus legal interest of 9% from September 14, 2011 ("the State Court Judgment"). (Exhibit 4 at 5) Rather than honoring the State Court Judgment, Tuan filed a Chapter 13 Bankruptcy petition before the Bankruptcy Court on April 16, 2012. (Ap. Br. at 6)

Cho filed a motion for summary judgment in the Bankruptcy Court. (*Id.*) He sought a declaration that Tuan's debt was nondischargeable and a judgment of "not less than $125,536.43 plus 9% interest from September 14, 2011." (Exhibit 8 at 16)

The Bankruptcy Judge found that Tuan had committed defalcations while acting in a fiduciary capacity. (Exhibit 4 at 17) The Bankruptcy Judge accordingly held that, pursuant to 11 U.S.C. § 523(a)(4), the State Court Judgment was nondischargeable in bankruptcy. (*Id.* at 17-18) The Bankruptcy Judge awarded Cho "judgment in the amount of $125,536.43 plus 9% interest from September 14, 2011 to April 16, 2012, the date of the petition." (*Id.* at 18)

## II. LEGAL STANDARD

This district courts of the United States have appellate jurisdiction over final orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). *Hefta v. Official Comm. of Unsecured Creditors (In re American Classic Voyages Co.)*, 405 F.3d 127, 130 (3d Cir. 2005). On appeal, this court reviews "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof." *Ibid.* Where a case presents mixed questions of law and fact, this Court will apply the relevant standard to each component of the issue. *In re Sharon Steel Corp.,* 871 F.2d 1217, 1222-23 (3d Cir. 1989).

## III. POST-PETITION INTEREST

The case law supports Cho's position that post-petition interest accrues on this nondischargeable debt. The Bankruptcy Court was therefore in error when it granted only pre-petition interest.

In *Bruning v. U.S.*, 376 U.S. 358, 362-363 (1964), the Supreme Court held that post-petition interest was recoverable on a nondischargeable tax debt. In so holding, the Supreme Court wrote that:

> Congress, in providing that a certain type of debt should survive bankruptcy proceedings as a personal liability of the debtor, intended personal liability to continue as to the interest on that debt as well as to its principal amount. Thus, it has never been seriously suggested that a creditor whose claim is not provable against the trustee in bankruptcy loses his right to interest in a post-bankruptcy action brought against the debtor personally. In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt.

*Bruning*, 376 U.S. at 360.

In *Leeper v. Pennsylvania Higher Education Assistance Agency*, 49 F.3d 98, 104-05 (3d Cir. 1995), the Third Circuit likewise held that a debtor would remain personally liable for post-petition interest accruing on a nondischargeable student loan following the termination of the Chapter 13 bankruptcy proceedings. In so holding, the Third Circuit relied on the Supreme Court's reasoning in *Bruning*. *Leeper*, 49 F.3d at 101 (*citing Bruning* 376 U.S. at 362-63).

The *Leeper* court noted that the reasoning of *Bruning* has been applied to other types of nondischargeable debts in courts around the country. *Id.* at 101 (*citing In re Fullmer*, 962 F.2d 1463, 1468 (10th Cir. 1992) (applying *Bruning* to post-petition interest on a nondischargeable tax penalty); *In re Burns*, 887 F.2d 1541, 1552 (11th Cir. 1989) (same); *In re Brace*, 131 B.R. 612, 613 (Bankr. W.D. Mich. 1991) (applying *Bruning* to case of a debt that was nondischargeable under 11 U.S.C. § 524(a)(2) because it arose from fraudulent misrepresentations); *In re Kellar*, 125 B.R. 716, 720-21 (Bankr. N.D.N.Y. 1989) (same)). *See also Metro Commercial Real Estate, Inc. v. Reale*, 968 F. Supp. 1005, 1009 (E.D. Pa. 1997) (applying *Leeper* and *Bruning* to a contractual debt not discharged in bankruptcy).

In *ColeMichael Invs., LLC v. Burke,* 405 B.R. 626, 652 (N.D. Ill. Bankr. 2009), *aff'd*, 436 B.R. 53 (N.D. Ill. 2010), the *Bruning* rule was applied to the precise situation that exists here – a debt nondischargeable under 11 U.S.C. § 523(a)(4) by reason of the debtor's defalcation while acting in a fiduciary capacity.

Cho's case clearly falls within the line of case law where it is proper to award post-petition interest. The Bankruptcy Court should have awarded post-petition interest.

## IV. CONCLUSION

For the reasons stated above, Cho's motion is **GRANTED**. The Bankruptcy Court's order of April 26, 2013 is hereby **REMANDED** for a calculation and award of post-petition interest.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December** 2**, 2013**